(82 South. 16)

### BAXTER v. CHATTANOOGA BREWING CO. (6 Div. 915.)

(Supreme Court of Alabama. May 22, 1919.)

1. INTOXICATING LIQUORS ⊂⊃327(1)—AGREEMENT MADE IN FURTHERANCE OF ILLEGAL BUSINESS.

The invalidating effect of Laws 1911, p. 266, § 28, prohibiting one engaged in the manufacture or sale of intoxicants from conducting business for the retail of such liquors, cannot be visited upon an agreement not made for the purpose of conducting a retail liquor business, either in the name of the manufacturer or wholesaler or in the name of another.

2. INTOXICATING LIQUORS ⊂⊃327(1) — CONTRACTS—CARRYING ON RETAIL BUSINESS IN NAME OF ANOTHER.

The mere fact that a manufacturer or wholesaler furnishes to a retailer money and fixtures for the purpose of enabling the retailer himself to conduct a retail liquor business, does not violate Laws 1911, p. 266, § 28.

Appeal from Circuit Court, Jefferson County; John C. Pugh, Judge.

Action by the Chattanooga Brewing Company against C. C. Baxter. Judgment for plaintiff, and defendant appeals. Affirmed.

London, Yancey & Brower, of Birmingham, for appellant.

A. & F. B. Latady, of Birmingham, for appellee.

McCLELLAN, J. The appellee sued the appellant on a promissory note executed by the latter to the former on October 4, 1911, payable 90 days after date at a specified bank in Chattanooga, Tenn. Through numerous pleas, those lettered K and L among them, the defendant sought to have visited upon the transaction evidenced by the note the invalidating effect of section 28 of the act approved April 6, 1911 (Gen. Acts, p. 266). That section reads:

"That all agreements or obligations of any person to buy or sell exclusively a product or output of beer or other malt or spirituous

---

liquors of any particular person or corporation in any licensed place of business shall be null and void. Nor shall any person engaged in the manufacture or sale of spirituous, vinous or malt liquors be allowed to conduct a business for the retail of said liquors in his own name or in any other person's name, or to furnish money or fixtures for that purpose, and any agreement, lease or mortgage made for such purpose shall be null and void."

The only features of the section upon which the defendant relies are those forbidding the manufacturer or other seller of defined liquors to conduct a retail liquor business in his own or another's name and inhibiting the furnishing of money or fixtures for that purpose and declaring void any agreement, lease, or mortgage for such purpose. The provisions of the section forbidding the furnishing of money or fixtures, as well as those declaring void agreements, leases, and mortgages, are clearly restricted to the "purpose" therein just above specified, viz. the conduct of the retail liquor business in the name of the manufacturer or of the seller of certain liquors. The manifest intent was to require the conduct of the retail liquor business in the name of a lawfully authorized licensee only, and to effect this major object the furnishing of money and fixtures and all contracts made to conduct a retail business in the name of another than a real licensee was condemned in strong terms.

[1, 2] The invalidating effect of this part of section 28 could not, under its terms, be visited upon a contract or agreement that was not made for the purpose of conducting a retail liquor business, either in the name of the manufacturer or wholesaler or in the name of another. The statute is not, we think, susceptible of any other interpretation. The mere fact that a manufacturer or wholesaler furnished to a retailer money and fixtures for the purpose of enabling the retailer, himself, to conduct that business did not offend the law unless the purpose was to carry on the retail business in the name of another—a purpose to substitute another for the manufacturer or seller in the conduct of the retail business. This being the effect of the statute, the pleas were insufficient to invoke its application to the exoneration of the defendant from liability on his note. In none of the pleas was it averred that the note sued on was for money loaned the defendant to conduct the business of the plaintiff in the name of the defendant—a process of pretense or substitution against which this feature of the statute directed its force. The demurrers were well sustained. The judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.